IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALABAMA CENTRAL CREDIT UNION,** ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | CV-11-BE-0470-S |
| ] | |
| **CUMIS INSURANCE SOCIETY INC., et al.,** ] | |
| ] | |
| Defendants. ] | |
| ] | |

**MEMORANDUM OPINION**

This matter comes before the court on "Plaintiff's Motion for Remand" (doc. 5) and on Defendant William Joe Kiser, Jr.'s "Motion to Dismiss" (doc. 9).  Both motions have been fully briefed and the court held a hearing on them on March 7, 2011.  These motions required the court to assess whether Defendant Kiser was fraudulently joined for the purposes of defeating diversity jurisdiction.  For the reasons stated on the Record and summarized below, the court finds that the Motion to Dismiss is due to be GRANTED and the Motion to Remand is due to be DENIED.

The Plaintiff filed suit in Jefferson County Circuit Court against CUMIS Insurance Society, Inc. seeking to recover on a credit union bond.  The Plaintiff claims CUMIS "breached the provisions of the Fidelity Bond . . . by failing or refusing to cover and pay for losses sustained by Plaintiff as the result of a lack of faithful performance by Defendant William Joe Kiser," and that CUMIS "acted in bad faith in the intentional and/or reckless failure to properly investigate the claims made by Plaintiff under the Fidelity Bond." As to Defendant Kiser, Plaintiff contends that he "engaged in improper activities and a lack of faithful performance of his duties as a

1

lending officer and Senior Vice-President by violating Plaintiff's loan policies and exposing Plaintiff to financial losses in his issuance/approval of the . . . loans." (Doc. 2, Ex. 1).

The Defendants removed this case from state court, contending that non-diverse Defendant Kiser had been fraudulently joined to defeat diversity; but for his presence, the Defendants asserted jurisdiction pursuant to 28 U.S.C. § 1332.

In its motion to remand, Plaintiff argues that it has a valid claim against Defendant Kiser and that he was not fraudulently joined. Both in the removal documents and in Defendant Kiser's motion to dismiss, the Defendants contend that Plaintiff has "no possibility" of establishing a cause of action against Defendant Kiser because the only claims against him are barred by the two-year statute of limitations of Alabama Code § 6-2-38. They contend that the cause of action accrued on the date of loss, October 17, 2007, making the claim filed against Defendant Kiser on January 3, 2011 time barred.

While Plaintiff does not contest the date of loss, it contends that the applicable statute of limitations is six years because the claims against Defendant Kiser are for wanton conduct. *See* "Plaintiff's Response to Defendant's (Kiser) Motion to Dismiss and in Support of Plaintiff's Motion to Remand," at 4 (doc. 14). Instead of citing to the Alabama statute that contains the six-year statute of limitations (Ala. Code § 6-2-34), Plaintiff relies on a series of cases that applied the six-year statute of limitations for trespass to the person to claims of wanton conduct. *See Carr v. Int'l Ref. & Mfg. Co.*, 13 So. 3d 547 (Ala. 2009); *McKenzie v. Killian*, 887 So. 2d 861 (Ala. 2004); *Walker v. Capstone Bldg. Corp.*, ___ So. 3d ___, 2010 WL 1170094 (Ala. Civ. App. 2010). While some language in those cases *could* be read to indicate that the statute of limitations for *all* wantonness claims is six years, the cases read in context do not go that far, and

indeed, could not go that far.

All three of these cases arose from allegations of wanton conduct based on trespass to the person resulting in injury. *See McKenzie*, 887 So. 2d at 863 (alleging that wantonness claims grounded in trespass were governed by six-year statute of limitations of § 6-2-34(1)); *Carr*, 13 So. 2d at 951, 954 (alleging that the defendants "acted willfully and/or wantonly, and committed trespass to the persons" and that their "wanton conduct . . . proximately resulted in [the plaintiffs'] physical injuries"); *Walker*, 2010 WL 1170094, at 2 (alleging "that the statute of limitations applicable to wantonness claims is set forth in § 6-2-34(1), Ala. Code 1975, which provides that '[a]ctions for any trespass to person or liberty . . .' are subject to a six-year statute of limitations."). In all three cases, the courts applied the six-year statute of limitations found at § 6-2-34(1), which governs "[a]ctions for any *trespass to person or liberty*, such as false imprisonment or assault and battery." (emphasis added).

In this case, Plaintiff does not allege that Defendant Kiser's actions in issuing loans in contravention of Plaintiff's policies somehow constituted a "trespass to the person or liberty." Instead, Plaintiff argues that its claims against Defendant Kiser fall within § 6-2-34(*9*): "actions upon any simple contract or *specialty* not specifically enumerated in this section." (emphasis added). The Plaintiff, however, cited to no case – and the court could find none – applying the six-year statute of limitations of subsection (9) to a claim of wanton conduct or defining "specialty." This court will not be the first to apply that subsection to extend the six-year statute of limitations beyond where the Alabama Supreme Court has applied it.

Although Plaintiff argues that the six-year statute of limitations period applies to *all* wantonness claims, the court agrees with Judge Granade of the Southern District of Alabama that

3

the cases on which Plaintiff relies do not go that far.  *See Chicago Title Ins. Co. v. Prosch*, 2011 WL 250421 (S.D. Ala. Jan. 26, 2011).  The Alabama courts have only extended the six-year statute of limitations to wantonness claims for personal injury involving trespasses under Alabama Code § 6-2-34(1).  *Id.* at *6.

As in *Prosch*, although Plaintiff contends that Defendant Kiser's actions were intentional, it has not explained or even argued that the claim constitutes a trespass to person or liberty.  However, Plaintiff seeks to distinguish its argument from those made in *Prosch* by pointing to subsection (9) of § 6-2-34 as the provision applicable to its claim, an argument this court already rejected.

Another reason for rejecting Plaintiff's argument that all wantonness claims carry a six-year statute of limitations lies in the statute itself.  Section 6-2-34 reads:

> The following must be commenced within six years:
>   (1) Actions for any trespass to person or liberty, such as false imprisonment or assault and battery;
>   (2) Actions for any trespass to real or personal property;
>   (3) Actions for the detention or conversion of personal property;
>   (4) Actions founded on promises in writing not under seal;
>   (5) Actions for the recovery of money upon a loan, upon a stated or liquidated account or for arrears of rent due upon a parol demise;
>   (6) Actions for the use and occupation of land;
>   (7) Motions and other actions against the sureties of any sheriff, coroner, constable, or any public officer and actions against the sureties of executors, administrators, or guardians for any nonfeasance, misfeasance, or malfeasance, whatsoever, of their principal, the time to be computed from the act done or omitted by their principal which fixes the liability of the surety;
>   (8) Motions and other actions against attorneys-at-law for failure to pay over money of their clients or for neglect or omission of duty; and
>   (9) Actions upon any simple contract or speciality not specifically enumerated in this section.

The statute does not state on its face that it applies to all claims of wantonness or intentional conduct. The Alabama Supreme Court's discussion in *McKenzie* and *Carr* about intentional conduct and wantonness resulting in personal injury all arose in the context of distinguishing trespass to the person with a six-year statute of limitations from trespass on the case with a two-year statute of limitations. None of the other categories of causes of action listed in § 6-2-34 fits within the confines of a wantonness claim for personal injury.

Interpreting a "trespass to person," traditionally an intentional tort, to include wanton conduct that causes personal injury falls within the purview of the Alabama Supreme Court. *See Carr*, 13 So. 3d at 963 (J. Murdock dissenting) ("[O]ur own cases likewise hold that the types of claims described in § 6-2-34(1) involve intentional harm to the plaintiff." (citations omitted)). The Court in *McKenzie*, a case alleging trespass to the person, "abandoned any determination of whether the six-year statute of limitations applies based on the presence of *direct force* to cause the injury in a claim alleging wantonness." *Carr*, 13 So. 3d at 953 (discussing *McKenzie*). The Court adopted the conclusion that "wanton conduct, *resulting in injury*, is actionable in trespass and governed by the six-year statue of limitations." *Carr*, 13 So. 3d at 954 (citations and quotation marks omitted).

Thus, under the interpretation given by the Alabama Supreme Court to "trespass to the person" in Alabama Code § 6-2-34(1), a plaintiff must allege wanton or intentional conduct by a defendant *resulting in personal injury* to trigger the six-year statute of limitations. As the present case demonstrates, not all allegations of wanton conduct necessarily implicate trespass to the person; indeed, *not all wanton conduct* results in injury to the person. Such wanton conduct that

5

does not result in personal injury, then, cannot qualify as trespass to the person and, thus, cannot fall within the purview of § 6-2-34(1).

Alabama law has long recognized that "[t]he distinction between a claim *ex contractu* and one *ex delicto* is found in the nature of the grievance. Where the wrong results from a breach of a promise, the claim is *ex contractu*. However, if the wrong springs from breach of a duty either growing out of the relationship of the parties, or imposed by law, the claim is *ex delicto*." *Eidson v. Johns-Ridout's Chapel Inc.*, 508 So. 2d 697, 702 (Ala. 1987) (quoting *Jefferson County v. Reach*, 368 So. 2d 250, 252 (Ala. 1978) (internal quotation marks omitted)), *overruled on other grounds by McKenzie*, 887 So. 2d at 870; *see also Braswell v. Conagra, Inc.*, 936 F.2d 1169, 1173 (11th Cir. 1991) ("The Supreme Court of Alabama has long recognized that, while a defendant's failure . . . to perform the act promised in a contract may give rise to an action *ex delicto*, such failure also gives rise to an action *ex contractu* when there is a breach of promise." (citations omitted)). The claims Plaintiff asserts against Defendant Kiser grow out of his former relationship to Plaintiff as Senior Vice-President and/or duties imposed at law, and thus, sound in tort—not based on personal injury or trespass to the person. As such, without any controlling authority to mandate a different result, the court finds these claims are controlled by the two-year statute of limitations at § 6-2-38. *See Boyce v. Cassese*, 941 So. 2d 932, 945 (Ala. 2006).

As the Alabama Supreme Court noted, "[l]ike fraud claims, negligence and wantonness claims are governed by a two-year statute of limitations. See § 6-2-38, Ala. Code 1975." *Boyce*, 941 So. 2d at 945. The Alabama Supreme Court decided *Boyce* two years after *McKenzie*, and the quoted language adds support to the finding that not all wantonness claims qualify for a six-year statute of limitations. *See also Gilmore v. M & B Realty Co.*, 895 So. 2d 200, 207-08 (Ala.

2004) (decided a few months after *McKenzie* and applying the two-year statute of limitations to negligence *and wantonness* claims).

Having determined that the six-year statute of limitations does not apply to Plaintiff's claims against Defendant Kiser, the court finds that the claims against him, brought more than two years after they accrued, are time barred. Because the statute of limitations bars the Plaintiff's claims against Defendant Kiser, the Plaintiff has no possibility of establishing a cause of action against the resident Defendant, and that Defendant, therefore, was fraudulently joined. *See Russell Petroleum Corp. v. Environ Prods. Inc.*, 333 F. Supp. 2d 1228, 1233 (M.D. Ala. 2004).

The only ground on which the Plaintiff challenges jurisdiction rests on the argument that it does have a proper claim against Defendant Kiser and that his presence defeats diversity jurisdiction. Having found against the Plaintiff on its claim against Defendant Kiser, the court specifically finds that the court has jurisdiction over this case as removed. Therefore, Plaintiff's Motion to Remand is due to be denied, and Defendant Kiser's Motion to Dismiss is due to be granted. A separate order will be entered.

DONE and ORDERED this 8th day of April, 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE